UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| DAVID J. THERIAULT, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:22-cv-00040-LEW |
| | ) | |
| SHERIFF SHAWN GILLEN, et al., | ) | |
| | ) | |
| Defendants | | |

**RECOMMENDED DECISION**

Defendants recently requested a discovery conference because the discovery requests Defendants served upon Plaintiff were returned with the notation "Return to Sender/Attempted – Not Known/Unable to Forward." The court docket also reflects that mail forwarded to Plaintiff has recently been returned as undeliverable. (ECF No. 15.)

Because Plaintiff has failed to keep the Court and defense counsel apprised of his current address and otherwise prosecute his claim, on September 27, 2022, the Court ordered Plaintiff to show cause as to why he has failed to do so. (Order, ECF No. 17.) The Court advised Plaintiff that if he failed to show cause, the Court could dismiss the complaint. (*Id*.) The Order was sent to Plaintiff at the address previously provided by Plaintiff. The Ordr was returned to the Court as undeliverable on October 17, 2022. (ECF No. 20.)

As Plaintiff has not responded to the Order to Show Cause, has not informed the Court of a new address or contact information, and has not otherwise communicated with the

Court for approximately seven months,[1] I recommend the Court dismiss Plaintiff's complaint.

## DISCUSSION

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte for any of the reasons prescribed in Fed. R. Civ. P. 41(b)." *Cintron-Lorenzo v. Dep't de Asumtos del Consumidor*, 312 F.3d 522, 526 (1st Cir. 2002) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 – 31 (1962)). Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action for a party's failure to prosecute and failure to comply with the Court's orders. Here, Plaintiff has not apprised the court of his current address or contact information. Parties to litigation have a duty to inquire periodically regarding the status of the litigation and to keep the court informed of their current address and contact information. *United States v. Guerrero*, 302 Fed. App'x 769, 771 (10th Cir. 2008); *Lewis v. Hardy*, 248 Fed. App'x 589, 593 (5th Cir. 2007) (per curiam); *Carvel v. Durst*, No. 1:09-cv-06733, 2014 WL 787829, at *1 n.5 (S.D.N.Y. Feb. 25, 2014); *Am. Arbitration Ass'n, Inc. v. Defonseca*, No. 1:93-cv-02424, 1997 WL 102495, at *2 (S.D.N.Y. Mar. 6, 1997) ("[A] litigant's obligation to promptly inform the Court and the opposing party of an address change is a matter of common sense, not legal sophistication.")

---

[1] The docket reflects that Plaintiff's last filing was on March 22, 2022, when he filed a Motion to Appoint Counsel. (Motion, ECF No. 8.) The Court denied the Motion. (Order, ECF No. 9.)

Given Plaintiff's failure to inform the Court of his current contact information, Plaintiff has failed to comply with the Court's order and has otherwise failed to prosecute his claim. Accordingly, dismissal is warranted.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court dismiss the matter.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 24th day of October, 2022.